TARA K. MCGRATH
United States Attorney
Carl F. Brooker IV
Washington D.C. Bar No. 1022908
Melanie K. Pierson
California Bar No. 112520
Assistant United States Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-5934
Email: carl.brooker@usdoj.gov

Attorneys for United States of America

**FILED**

FEB 1 5 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  24-cr-00242-H |
| v. | |
| BIO-EDGE INCORPORATED, | **PLEA AGREEMENT** |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, TARA K. MCGRATH, United States Attorney, Carl F. Brooker, IV and Melanie K. Pierson, Assistant United States Attorneys, and Defendant BIO-EDGE INCORPORATED, with the advice and consent of Todd O. Maiden and Daniel H. Ahn, counsel for Defendant BIO-EDGE INCORPORATED ("BIO-EDGE"), as follows.:

### I

### THE PLEA

Defendant agrees to waive Indictment and plead guilty to Count 1 of the Information, charging Defendant with:

knowingly operating a source in violation of a specific prohibition or federal pretreatment standard, on or about June 21-22, 2023, within the Southern District of California, in violation of 33 U.S.C. §§ 1317(d) and 1319(c)(2)(A), and 40 C.F.R. §§ 403.5(b)(1) and 403.6(d).

BIO EDGE Plea Agreement

Def. Initials ____

The United States agrees that it will not file additional criminal charges against Defendant for the conduct described in Section II.B., "Elements Understood and Admitted – Factual Basis," provided that Defendant does not breach the plea agreement, or the guilty plea entered pursuant to this plea agreement is not set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

## NATURE OF THE OFFENSE

### A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

The Count – Operating a Source in Violation of a Pretreatment Standard

1.    The defendant is the owner or operator of a source;

2.    On or about the date charged in the Information, the defendants employees, acting within the scope of their employment for the benefit of the corporation, operated the source in such a manner as to discharge a pollutant from the source;

3.    The pollutant was discharged into a publicly owned treatment works;

4.    The discharge was in violation of an effluent standard, prohibition or pretreatment standard in effect at that time, that is, the discharge violated the prohibition that the wastewater not include pollutants which create a fire or explosion hazard in the publicly owned treatment work, including, but not limited to, wastestreams with a closed cup flashpoint of less than 140 degrees Fahrenheit or 60 degrees Centigrade using the test methods specified in 40 CFR 261.21, and the prohibition of the use of dilution as a substitute for approved treatment in order to achieve compliance, in violation of 40 C.F.R. §§ 403.5(b)(1) and 403.6(d).

5.    The defendant's employees and officers, within the scope of their employment for the benefit of the corporation, acted knowingly, that is, with knowledge of the identity or nature of the substance discharged and with knowledge that the discharged substance entered a sewer.

//

//

BIO EDGE Plea Agreement                                    2                                    Def. Initials ____

## B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

The Board of Directors of the Defendant corporation has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Section 1319(c)(2)(A) of Title 33 of the United States Code provides that it is a felony for any person to knowingly violate Section 1317 of this title, "or any permit condition or limitations implementing any of such sections in a permit issued under section 1342 of this Title . . . or any requirement imposed in a pretreatment program approved under Section 1342." Section 1317 relates to the national pretreatment standards set by the EPA for discharges to sewage treatment facilities. Section 1317(d) provides that "after the effective date of any effluent standard or prohibition or pretreatment standard promulgated under this section, it shall be unlawful for any owner or operator of any source to operate any source in violation of any such effluent standard or prohibition or pretreatment standard." The definition of "person" includes a corporation.

2. According to the National Institute for Occupational Safety and Health (NIOSH), methanol is a liquid that is commonly used as an industrial solvent, pesticide, and alternative fuel source. Methanol readily evaporates at room-temperature and is heavier than air, creating a fire and explosion hazard when introduced to a confined space, such as a sewer pipe. Waste containing methanol is classified by the EPA as an F-list non-specific source hazardous waste. Additionally, methanol qualifies as a hazardous waste with the characteristic of ignitability. The City of San Diego Industrial Wastewater Control Program (IWCP) is the authority which issues Industrial User Discharge Permits under Section 307(d) of the Clean Water Act. The IWCP issued Industrial User Discharge Permit 03-0475 to BIO-EDGE, Inc. on October 1, 2020, with an expiration date of October 1, 2025. This permit sets limits

BIO EDGE Plea Agreement                    3                    Def. Initials

on the discharge of wastewaters from the BIO-EDGE facility, a source of pollutants, into the San Diego sewer system, a publicly owned treatment works.

3. The specific prohibitions of IWCP permit 03-0475, state that it is unlawful for BIO-EDGE to discharge "any pollutant which creates a fire or explosion hazardous in the Publicly Owned Treatment Words, including but not limited to, a wastestream with a closed cup flashpoint of less than 140 degrees Fahrenheit using the test methods specified in 40 CFR 261.21." IWCP permit 03-0475 also prohibits the intentional dilution of a process waste with water to meet effluent standards.

4. IWCP permit 03-0475 requires BIO-EDGE to certify semi-annually that "all solvent wastes generated at my facility during the last six months were handled and disposed of in accordance with the approved Toxic and Prohibited Organic Management Plan on file at your office."

5. The Toxic and Prohibited Organic Management Plan for BIO-EDGE associated with IWCP permit 03-0475, signed by Robert Sulc on February 4, 2020, identified methanol as one of six flammable chemicals at the facility, and stated that such chemicals were not routinely disposed of to the sewer.

6. According to the records of the California Secretary of State, BIO-EDGE, Inc. is a California corporation that was formed on February 16, 1993. The principal address for BIO-EDGE, Inc. is 6369 Nancy Ridge Drive, San Diego, California.

7. At all times relevant herein, Robert Sulc is the co-owner of BIO-EDGE, and operated the business together with his brother, Filip Sulc.

8. BIO-EDGE produces polymeric additives for the third parties. BIO-EDGE uses methanol, water, and a proprietary material in the production of the polymeric additives and for cleaning glassware. The glassware used in the production of the solution is cleaned using two methanol rinses: first using 100 percent methanol, and then using a mixture of 50 percent methanol and 50 percent water. The waste methanol from the 100 percent methanol rinse is collected and managed as hazardous

BIO EDGE Plea Agreement                    4                    Def. Initials

waste.

9. Robert Sulc instructed BIO-EDGE employees to collect the waste mixture from the 50 percent methanol rinse in a container and treat it with salt solution to condense any excess proprietary material from the waste. The 50 percent methanol rinse solution had a closed cup flash point of less than 140 degrees Fahrenheit.

10. Robert Sulc further directed BIO-EDGE employees to remove the condensed proprietary material[1], dilute the remaining liquid waste mixture with water, and dispose of the liquid waste mixture down the laboratory drain periodically. The defendant's employees, acting within the scope of their employment for the benefit of the corporation, knew that the diluted methanol wastewater was disposed of down the drain, into the San Diego sewer system on or about June 21-22, 2023.

## III

## PENALTIES

The crime to which Defendant is pleading guilty, the Violation of a Federal Pretreatment Standard, in violation of Title 33, United States Code, Section 1317(d) and 1319(c)(2)(A), carries the following maximum penalties:

A.    a maximum 5 years of probation;

B.    a fine of not less than $5,000 nor more than $50,000 per day of violation; and

C.    a mandatory special assessment of $400 per count,

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives (gives up) Defendant's right at trial:

A.    To continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

---

[1] The proprietary material must be removed from the waste mixture prior to disposal because the proprietary material could react with the tap water and become a gel which would clog the drain.

BIO EDGE Plea Agreement          5          Def. Initials

B.      To a speedy and public trial by jury;

C.      To the assistance of counsel at all stages;

D.      To confront and cross-examine adverse witnesses; and

E.      To testify, present evidence, and have witnesses testify on Defendant's behalf.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.      Defendant, and its officers and board of directors, has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation in another case; debarment from government contracting; and suspension or revocation of a professional

BIO EDGE Plea Agreement                          6                          Def. Initials _____

license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.    No one has threatened Defendant or Defendant's officers, employees or agents to induce this guilty plea.

D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO UNITED STATES

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII
## SENTENCING AND
## THE APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553. In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines" or "USSG") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the statutory maximum. The sentence cannot be determined until a criminal history report is prepared by the U.S. Probation Office and defense counsel and the United States have an opportunity to review and challenge the criminal history report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

BIO EDGE Plea Agreement    7    Def. Initials ___

Defendant agrees that the facts set forth in the Statement of Facts filed concurrently herewith are true and may be considered as to the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1) and as to "relevant conduct" under USSG § 1B1.3. Nothing in this plea agreement limits the rights of the parties to present to the Probation Office or the Court any additional facts relevant to sentencing.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any or all of the parties' sentencing recommendations, and irrespective of the sentence imposed, Defendant will not withdraw its plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

### A.   SENTENCING GUIDELINES CALCULATIONS

Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). The parties agree that Chapter 8 of the United States Sentencing Guidelines Manual governs the case with regard to any payment of restitution, community service, and probation. Regarding determinations of an appropriate fine, however, pursuant to Commentary for U.S.S.G. § 8C2.1, the provisions of § 8C2.2 and § 8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two, Part Q (Offenses involving the Environment). For such cases, § 8C2.10 (Determining the Fine for Other Counts) is

BIO EDGE Plea Agreement                                    8                                    Def. Initials _____

applicable on an advisory basis. Section 8C2.10, in turn, directs the Court to apply the provisions of Title 18, United States Code, Sections 3553 and 3572 to determine the appropriate fine.

B.   PARTIES' RECOMMENDATIONS REGARDING PROBATION

The parties agree to jointly recommend that the Court impose a term of probation of one year on Defendant (the "Stipulated Probation Term"). The parties further stipulate that the terms of probation shall include the applicable mandatory conditions of probation described in 18 U.S.C. § 3563(a)(1) and USSG § 8D1.3(a).

C.   SPECIAL ASSESSMENT/FINE/FORFEITURE

1.   Special Assessment

The parties will jointly recommend Defendant pay a special assessment in the amount of $400.00 forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

2.   Fine

The parties will jointly recommend that Defendant pay a fine in the amount of $60,000, which should be reduced in the amount of the fines paid by co-owner Robert Sulc ($5,000) and Filip Sulc ($2500) pursuant to USSG §8C3.4, for a final amount of $52,500. The fine shall be paid in four installments of $13,125 quarterly through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court." The first payment shall be due on the date of sentencing.

3.   Forfeiture

The United States is not seeking forfeiture as to this defendant.

## XI

## FACTUAL ADHERENCE

BIO EDGE Plea Agreement

9

Def. Initials ___

Defendant agrees that it shall not, through its present or future attorneys, board of directors, officers, or any other person authorized to speak for Defendant, or any parent company or other entity related to Defendant, make any public statement, in litigation or otherwise, contradicting Defendant's acceptance of responsibility, as set forth herein and/or in the Statement of Facts. Any such contradictory statement shall constitute a breach of this plea agreement and Defendant thereafter would be subject to prosecution. Defendant agrees that the decision of whether any public statement by any such person contradicting Defendant's acceptance of responsibility or a fact contained in the Statement of Facts will be imputed to Defendant for the purpose of determining whether Defendant has breached this plea agreement shall be at the sole discretion of the United States. Should the United States decide that a public statement made by any such person contradicts in whole or in part Defendant's acceptance of responsibility or a factual statement in the Statement of Facts, the United States shall notify Defendant in writing as set forth in Section XXI. Defendant may avoid a breach of this plea agreement by publicly repudiating such statement within two business days after receipt of such written notification. This paragraph does not apply to any statement made by an individual employed by Defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on Defendant's behalf.

## XII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the United States may support on appeal the sentence actually imposed.

## XIV

## WAIVER OF RIGHTS TO REQUEST RECORDS

BIO EDGE Plea Agreement                    10                    Def. Initials

Defendant waives (gives up) all rights to request or to receive from any government department or agency any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## XV

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorneys know the terms of this plea agreement and shall raise, before the sentencing hearing is complete, any claim that the United States has not complied with this plea agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any Court, and if later made to a Court, shall constitute a breach of this plea agreement.

Defendant breaches this plea agreement if Defendant violates or fails to perform any obligation under this plea agreement, including, but not limited to, the following:

A. Failing to appear in court;

B. Failing to truthfully admit a complete factual basis as set forth in the Statement of Facts at the time the plea is entered or falsely denying or making any statement inconsistent with the Statement of Facts;

C. Falsely denying prior criminal conduct or convictions;

D. Being untruthful with the United States, the Court, or the Probation Office;

E. Failing to plead guilty pursuant to this plea agreement;

F. Attempting to withdraw the plea;

G. Failing to abide by any Court order related to this case;

H. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence;

I. Failing to fully cooperate, as set forth in Sections XII;

BIO EDGE Plea Agreement

11

Def. Initials

J.    Engaging in additional criminal conduct.

In addition to any other remedy, if Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this plea agreement, and Defendant agrees that any statute of limitations relating to such charges is tolled from the date Defendant signs the plea agreement through the end of the Stipulated Probation Term. Defendant also waives (gives up) any double jeopardy defense to such charges. Moreover, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of any such remedy for Defendant's breach.

Defendant agrees that the decision whether conduct or statements of any individual acting on behalf or speaking on behalf of Defendant will be imputed to Defendant for the purpose of determining whether Defendant has knowingly violated any provision of this plea agreement shall be in the sole discretion of the United States. Should the United States determine that Defendant has breached the plea agreement, the United States will provide written notice to Defendant of the alleged breach in the manner set forth in Section XXI.

If Defendant breaches this plea agreement: (i) any statements made by Defendant under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge) and at the sentencing hearing; (ii) the Statement of Facts, filed concurrently herewith and incorporated by reference herein; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to not file as part of this plea agreement, but later pursues because of a breach by Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives (gives up) any argument that the statements and

BIO EDGE Plea Agreement                    12                    Def. Initials _MU_

evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XVI

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing, signed by all parties. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this plea agreement and the attachments and addendum hereto.

## XVII

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this plea agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant's officers, managers, and board of directors in each of his/her/their native language) and discussed its terms with defense counsel and fully understands its meaning and effect. Defendant acknowledges that it has accepted this plea agreement and decided to plead guilty because it is in fact guilty of the charged offense.

By virtue of the resolution of Defendant's board of directors (attached hereto as Attachment A), affirming that the board of directors has authority to enter into this plea agreement and has: (1) reviewed the Information in this case, the Statement of Facts, and the proposed plea agreement or has been advised of the contents thereof; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into this plea agreement and to admit to the attached Statement of Facts; (4) voted to authorize Defendant to plead guilty to the charge specified in the Information; voted to authorize payment of the criminal fine;; and (6) voted to authorize the corporate officer identified below to execute this plea agreement and all other documents necessary to carry out the provisions of this plea

BIO EDGE Plea Agreement

13

Def. Initials ____

agreement. Defendant agrees that a duly authorized corporate officer for Defendant shall appear on behalf of Defendant and enter the guilty plea and will also appear for the imposition of sentence.

## XVIII

## DEFENDANT SATISFIED WITH COUNSEL

Defendant, through its officers, managers, and board of directors, has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant, or any of its officers, managers, and board of directors, about what to say in this regard. Defendant further agrees that the Board of Directors has been advised of the potential conflicts of interest that could arise with respect to the representation of the corporation by the attorneys that have simultaneously represented Robert Sulc and Filip Sulc, is aware of the potential dangers posed by any such conflicts, and waives such conflicts to the full extent of the law.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

BIO EDGE Plea Agreement                    14                    Def. Initials

## XIX

## SUCCESSOR LIABILITY

This plea agreement shall bind Defendant, its subsidiaries, affiliated entities, assignees, and its successor corporation if any, and any other person or entity that assumes the obligations contained herein. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, divestiture of assets, or similar action shall alter Defendant's obligations under this plea agreement. Defendant shall not engage in any action to seek to avoid the obligations set forth in this plea agreement.

TARA K. MCGRATH
United States Attorney

2/6/2024

DATED: February 6, 2024

Carl F. Brooker, IV
Melanie K. Pierson
Assistant U.S. Attorneys

2/8/24

DATED

Todd O. Maiden
Daniel H. Ahn
Defense Counsel

2/8/2024

DATED

[NAME]
[TITLE]
Bio-Edge, Incorporated
Defendant

BIO EDGE Plea Agreement

15

Def. Initials _____

## COMPANY OFFICER'S CERTIFICATE

I, _Robert Sule_, certify that I am the _authorized representative_ for Defendant, Bio-Edge, Incorporated.

I have read this agreement and carefully reviewed every part of it with outside counsel for Bio-Edge, Incorporated. I understand the terms of the foregoing agreement, and the attachments and addendum hereto, and voluntarily agree, on behalf of Bio-Edge, Incorporated, to each of its terms. Before signing this agreement, I consulted outside counsel for Bio-Edge, Incorporated. Counsel fully advised me of Bio-Edge, Incorporated's rights, of possible defenses, of the relevant Guidelines' provisions, and of the consequences of entering into this agreement.

I have further carefully reviewed the terms of this agreement, and the attachments and addendum hereto, with Bio-Edge, Incorporated's board of directors. I have caused Bio-Edge, Incorporated's outside counsel to advise its board of directors fully of Bio-Edge, Incorporated's rights, of possible defenses, of the relevant Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.

I am further authorized to acknowledge on behalf Bio-Edge, Incorporated that these documents fully set forth Bio-Edge, Incorporated's agreement with the United States, and that no additional promises or representations have been made to Bio-Edge, Incorporated by any officials of the United States in connection with the disposition of this matter, other than those set forth in this agreement, and the attachments and addendum hereto. Furthermore, no one has threatened or forced me, or, to my knowledge, any person authorizing this agreement on Bio-Edge, Incorporated's behalf, in any way to enter into this agreement. I am satisfied with outside counsel's representation in this matter.

DATED: _2/8/2024_

[NAME], [TITLE]
Bio-Edge, Incorporated
Defendant

BIO EDGE Plea Agreement

16

Def. Initials _____

## CERTIFICATE OF COUNSEL

I am counsel for Bio-Edge, Incorporated in the matter covered by this agreement. In connection with such representation, I have examined relevant Bio-Edge, Incorporated documents and have discussed the terms of this agreement with Bio-Edge, Incorporated's board of directors. I have fully advised them of Bio-Edge, Incorporated's rights, of possible defenses, of the relevant Guidelines' provisions, and of the consequences of entering into this agreement.

Based on our review of the foregoing materials and discussions, I am of the opinion that ___Robert Sulc___, the representative of Bio-Edge, Incorporated has been duly authorized to enter into this agreement on Bio-Edge, Incorporated's behalf; that this agreement has been duly and validly authorized, executed, and delivered on Bio-Edge, Incorporated's behalf; and that this agreement is a valid and binding obligation of Bio-Edge, Incorporated. To my knowledge, Bio-Edge, Incorporated's decision to enter into this agreement, based on the authorization of the board of directors of Bio-Edge, Incorporated, is an informed and voluntary one.

DATED: 2/8/24

_____
Attorney for Bio-Edge, Incorporated

BIO EDGE Plea Agreement                    17                    Def. Initials